1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RAVEN ENTERTAINMENT, LLC, et al.,          )
                                                                          )          Case No. 2:15-cv-02299-GMN-NJK
                              Plaintiff(s),               )
                                                                          )
vs.                                                                   )          ORDER
                                                                          )
CHRISTOPHER LOWDEN, et al.,              )
                                                                          )
                              Defendant(s).            )
_____  )

          Pending before the Court is the parties' stipulation to stay discovery or, in the alternative, for an

extended discovery period.  Docket No. 20.  The parties' request to stay discovery is premised on the

pendency of a motion to dismiss.  *See id.* at 2.  As has been oft-repeated within this District, "[t]he

Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a

potentially dispositive motion is pending." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.

Nev. 2013) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)).  Moreover, the

parties fail to address the applicable standards for requesting such a stay.  Accordingly, the request to

stay discovery is **DENIED** without prejudice.  Any renewed motion or stipulation to stay discovery

based on the pending motion to dismiss must be filed by June 8, 2016, and must address the applicable

standards for such a request.

          With respect to the extended discovery period alternatively sought, the parties again rely in

significant part on the pendency of the motion to dismiss in seeking that relief.  Docket No. 20-1 at 2,

3. This is essentially a repackaging of the request to stay discovery, *see, e.g.*, Docket No. 20-1 at 3 ("the

parties do not wish to conduct discovery until after the Court rules on Defendants' motion to dismiss"), which is denied without prejudice for the reasons outlined above.  Plaintiffs also seek an extended discovery period because they believe that the case is complex and counsel have upcoming travel plans. *See* Docket No. 20-1 at 2.  An insufficient showing has been made that such reasoning warrants expanding the presumptively reasonable discovery period by more than 50%, as requested.  *Compare* Local Rule 26-1(b)(1) (providing presumptively reasonable 180-day discovery period) *with* Docket No. 20-1 at 2 (seeking discovery period of 275 days).  Instead, based on the showing made, the Court will allow 30 additional days of discovery.  Accordingly, the Court hereby **SETS** the following deadlines:

- Amend pleadings/add parties: July 28, 2016
- Initial experts: August 26, 2016
- Interim status report: August 26, 2016
- Rebuttal experts: September 26, 2016
- Discovery cutoff: October 26, 2016
- Dispositive motions: November 23, 2016
- Joint proposed pretrial order: December 23, 2016

IT IS SO ORDERED.

DATED: June 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge