UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BATTALION CHIEF GRANDCHILDREN'S FUND, by and through its trustee ANGELINA GALLINDO on behalf of herself and nominal defendant SRC NIGHTCLUB & GRILL, LLC; RAVEN ENTERTAINMENT, LLC on behalf of itself and nominal defendant STONEY'S ENTERTAINMENT, INC.; and SEER CARTEL, LLC,

      Plaintiffs,

vs.

CHRISTOPHER LOWDEN; and HAROLD GRAY a.k.a "STONEY,"

      Defendants,

and

STONEY'S ENTERTAINMENT, INC.; and SRC NIGHTCLUB & GRILL, LLC,

      Nominal Defendants.

Case No.: 2:15-cv-2299-GMN-NJK

**ORDER**

    Pending before the Court is a Motion to Dismiss (ECF No. 11) filed by Defendants Christopher Lowden ("Lowden"), Harold Gray ("Gray"), SRC Nightclub & Grill, LLC ("SRC"), and Stoney's Entertainment, Inc. ("SEI") (collectively, "Defendants"). Plaintiffs Battalion Chief Grandchildren's Fund, by and through its trustee, Angelina Gallindo ("Gallindo") on behalf of herself and nominal defendant SRC, Raven Entertainment, LLC ("Raven") on behalf of itself and nominal defendant SEI, and Seer Cartel, LLC ("Seer Cartel")

(collectively, "Plaintiffs") filed a Response (ECF No. 16), and Defendants filed a Reply (ECF No. 19).[1]

## I.  BACKGROUND

This case arises as a member and shareholder derivative action against officer-Defendants Lowden and Gray. (Compl. ¶ 1, ECF No. 1).  Plaintiffs allege that Gray "organized Nominal Defendant SRC for the stated purpose of conducing a nightclub and bar business at the premises located at 9155 S. Las Vegas Blvd., Suite 300, Las Vegas, Nevada 89123 ('Stoney's')." (*Id.* ¶ 15).  Gray then allegedly "caused SRC to offer to the public 50 units of membership interest in SRC at the price of $50,000 per unit." (*Id.* ¶ 16).  Gallindo bought one membership unit, and Raven acquired three units. (*Id.* ¶¶ 17–19).  Plaintiffs allege that Defendants "raised over $2.5 million from private investors," which they predominantly used "to finance their extravagant lifestyle." (*Id.* ¶ 20).  Plaintiffs further allege that Defendants "misappropriated from SRC tens of thousands of dollars in cash that was collected by SRC as cover charges at Stoney's and that was not accounted for in company books or reported to the Internal Revenue Service . . . [and] SRC became insolvent." (*Id.* ¶ 27–28).

Plaintiffs then allege that Defendants "created another company, SEI, and in August 2012 offered the previous SRC's investors a membership-interest swap for SEI's shares" while also issuing "several [of] SEI's shares to new investors." (*Id.* ¶ 29).  Plaintiffs allege that any distributions to any investors were "financed from other investors' money," paid to "selectively picked investors, mostly their friends and families," and none of it was properly documented. (*Id.* ¶¶ 26, 33–35, 37).  Raven "signed the equity-swap agreement, thus becoming a shareholder of SEI," while Gallindo "refused to sign . . . and subsequently lost her investment in SRC due to Stoney's closing its doors and SRC failing to renew its business license with the Nevada

---

[1] Defendants also filed a Motion for Leave to Exceed Page Limits on their Reply. (ECF No. 18).  For good cause appearing, the Court grants Defendants' Motion (ECF No. 18) and will consider Defendants' Reply in full.

Secretary of State." (*Id.* ¶¶ 31–32).  Ultimately, SEI became insolvent and closed in 2013, and its "remaining assets [were sold] to SRC 1, LLC, d/b/a Las Vegas Bull." (*Id.* ¶¶ 36, 38).

Plaintiffs then allege similar facts regarding Defendants selling units for $50,000 for Stoney's Evansville, "a nightclub and bar business in Evansville, Indiana." (*Id.* ¶¶ 41–42).  Plaintiff Seer Cartel bought one membership unit in Stoney's Evansville. (*Id.* ¶ 43).  Plaintiffs assert similar allegations regarding Defendants' use of investor money for other purposes than Stoney's Evansville. (*Id.* ¶¶ 44–48).

Plaintiffs state that they first learned of the alleged fraud on December 5, 2012. (*Id.* ¶ 49).  Plaintiff's Complaint, filed on December 5, 2015, includes the following ten claims for relief: (1) RICO, 18 U.S.C. §§ 1961-1968—Civil RICO and NRS 207.470; (2) breach of fiduciary duties; (3) intentional misrepresentation (fraud); (4) unjust enrichment; (5) civil conspiracy; (6) accounting; (7) securities fraud, violations of Securities Act Section 17(a), 15 U.S.C. § 77q(a); (8) securities fraud, violations of Exchange Act Section 10(b), 15 U.S.C. § 78j(b); (9) securities fraud, violations of Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2; and (10) securities fraud, violations of Exchange Act Rule 13(b)(2)(A) and 13(b)(2)(B).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendants seek to dismiss this case because they argue that the investors knew the risks associated with their investment, but they are "now unhappy with their lack of profits." (Def. Mot. to Dismiss ("MTD") 2:4–5, ECF No. 11). Defendants further contend that Plaintiffs' security fraud claims are both "barred by the statute of limitations" and "unsubstantiated." (*Id.* 2:6–7). Further, Defendants assert that Plaintiffs' "federal RICO claim fails because it is based on securities fraud." (*Id.* 2:7–8). Lastly, Defendants argue that all state law claims should be dismissed "because they are not adequately pled and are directly contradicted by the very documents upon which they are purportedly based." (*Id.* 2:8–9).

### A. Securities Fraud (Claims Seven through Ten)

First, with regard to Plaintiffs' security fraud causes of action, claims seven through ten, 28 U.S.C. § 1658(b)(1) provides a two-year statute of limitations, as of the date of discovery, for all fraud related to securities law.[2] Plaintiffs' Complaint alleges that they discovered the facts constituting the violations on December 5, 2012 (Compl. ¶ 49), and the Complaint was filed on the same date three years later. Defendants make this statute of limitations argument in their Motion, and Plaintiffs fail to respond. As such, the Court finds that Plaintiffs' securities fraud claims are clearly outside the statute of limitations. Because the statute of limitations bars these claims, leave to amend would be futile. Accordingly, the Court dismisses claims seven through ten with prejudice.

### B. Federal Civil RICO Claim

Next, with regard to Plaintiffs' federal RICO claim, Defendants argue that this claim is barred by the Private Securities Litigation Reform Act ("PSLRA"). (Def. MTD 2:1–2).

---

[2] "[A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than . . . 2 years after the discovery of the facts constituting the violation." 28 U.S.C. § 1658(b)(1).

The PSLRA provides for an exclusion from federal civil RICO of any claim based on alleged misconduct that would have been actionable as securities fraud. *See* 18 U.S.C. § 1964(c).  Under SEC Rule 10b–5, it is illegal to "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b–5.  Plaintiffs insists that the transactions involved were not "in connection with the purchase or sale of any security," and they should therefore be free to proceed with their federal civil RICO claim despite the PSLRA exclusion. (Pl. Resp. 16:25–18:17, ECF No. 16).  The Court finds otherwise.

The definition of a security is "a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits." *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946) (noting also "the Supreme Court's repeated rejection of a narrow and literal reading of the definition of securities").  The Ninth Circuit further clarified *Howey* by explaining that the Court held that a security requires an investment of funds in a common enterprise "with an expectation of profits produced by the efforts of others." *Warfield v. Alaniz*, 569 F.3d 1015, 1020 (9th Cir. 2009) (quoting *SEC v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003)).

The requirement under section 10(b) that the fraud committed be "in connection with" a securities transaction means "that a certain relationship [must] be established between the fraud and the transaction that resulted in the injury complained of." *In re Fin. Corp. of Am. S'holder Litig.*, 796 F.2d 1126, 1129–30 (9th Cir. 1986).  To satisfy the "in connection with" requirement, "[i]t is enough that the scheme to defraud and the sale of securities coincide." *SEC v. Zandford*, 535 U.S. 813, 822 (2002) (theft of money from client's mutual fund account was securities fraud because it required broker to make otherwise legitimate sales of securities in the account).

Plaintiffs' federal civil RICO allegations clearly demonstrate a connection with securities. Plaintiffs allege that they invested funds in SRC, SEI, and Stoney's Evansville—common enterprises—expecting a return on their investment, profits, produced by Defendants' efforts. (*See, e.g.*, Compl. ¶ 17). As the Supreme Court explained in *Zandford*, "This is not a case in which, after a lawful transaction had been consummated, a broker decided to steal the proceeds and did so. Nor is it a case in which a thief simply invested the proceeds of a routine conversion in the stock market." *Zandford*, 535 U.S. at 820. Plaintiffs' federal civil RICO claim specifically alleges that Defendants "falsely represented" what the investment money would be used for, "unlawfully issued membership interests, without consideration," "issued and mailed to investors false financial statements, K-1s, and equity statements," created a "pyramid-like scheme," and "coerced and/or swindled SRC investors into swapping their shares for a membership interest in SEI." (Compl. ¶¶ 57–63). The allegations that Defendants embezzled the investment money "to support their lavish personal expenditures" does not remove the connection to the overall fraudulent securities scheme. (*Id.* ¶ 56).

Plaintiffs argue that their Complaint's predicate RICO claims are not securities, but rather Defendants' "numerous illegal misappropriation, embezzlement, and fraudulently drafted financial documents covering up their wrongdoing by mail and wire." (Pl. Resp. 17:9–12). However, these allegations are clearly akin to "a broker who accepts payment for securities that he never intends to deliver, or who sells customer securities with intent to misappropriate the proceeds," which demonstrates a violation of § 10(b). *Zandford*, 535 U.S. at 819. The investments in SRC, SEI, and Stoney's Evansville are the lynchpins of the fraudulent scheme alleged. Further, Plaintiffs cannot assert a RICO claim based on predicate acts that sound in securities fraud even if the claim is plead as a matter of mail fraud or wire fraud. *See Howard v. America Online Inc.*, 208 F.3d 741, 749–50 (9th Cir. 2000), *cert. denied,* 531 U.S. 828 (2000).

Accordingly, the Court finds that Plaintiffs' federal civil RICO claim fails as a matter of law because the PSLRA excludes securities fraud from federal civil RICO actions.

Because the PSLRA bar would apply under any internally consistent set of facts, it would be futile to amend the RICO claim. Consequently, the Court will dismiss Plaintiffs' federal civil RICO claim with prejudice. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, then . . . dismissal without leave to amend is proper."); *see also Foman*, 371 U.S. at 182.

### C. Remaining State Law Claims

The dismissal with prejudice of Plaintiffs' securities fraud and federal civil RICO claims leaves only Plaintiffs' state law claims. Jurisdiction over state law claims arises under supplemental jurisdiction. *See* 28 USC § 1367; (*see also* Compl. ¶ 5). Supplemental jurisdiction is a doctrine of discretion, not of right. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). A federal district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 USC § 1367(c). The decision to decline to exercise supplemental jurisdiction under section 1367(c) should be informed by the values of economy, convenience, fairness, and comity. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

These values compel the Court to decline to continue exercising supplemental jurisdiction over Plaintiffs' remaining state law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This case has not been extensively litigated in this Court. On-going discussions remain regarding further discovery and a trial date has not yet

been set.  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismisses them without prejudice under 28 USC § 1367(c)(3).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED**.  Plaintiffs' federal civil RICO claim, along with all four securities fraud claims are dismissed with prejudice.  Plaintiffs' remaining state law claims, including state civil RICO under NRS 207.470, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Exceed Page Limits on their Reply (ECF No. 18) is **GRANTED**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this   17   day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court